UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.   )<br>)<br>(1)   ANTONIO STRONG, also known as )<br>"T-Glo," "Tony Glo," "Tonio," "Antonio )<br>Strom," "Michael Starkman," "Richard )<br>O'Malley," "Michael Lee," "Mark Daniels," )<br>"Sergio Parker," "Michael Leary," "Charles )<br>Gaut," "Darren Geiger," "Stan Smith," and )<br>"Tyson Kocher," )<br>)<br>(2)   HERBERT WRIGHT III, also known )<br>as "Herb," "Lil Herb," "G Herbo," and )<br>"Herbert Light," )<br>)<br>(3)   JOSEPH WILLIAMS, also known as )<br>"Joe Rodeo," Rockstar Rodie," and "Rodie," )<br>)<br>(4)   STEVEN HAYES, JR., )<br>)<br>(5)   DEMARIO SORRELLS, also known )<br>as "Jonte" and "Johntay," and )<br>)<br>(6)   TERRENCE BENDER, also known as )<br>"Blends" and "Dopeblends," )<br>)<br>Defendants.   ) | Crim. No. 20-30033-MGM |

ASSENTED-TO STATUS REPORT

The United States of America, by Andrew E. Lelling, United States Attorney for the District of Massachusetts and Assistant United States Attorney Steven H. Breslow and Trial Attorney Andrew R. Tyler of the U.S. Department of Justice in the Criminal Division, Fraud Section (the "Government"), with the assent of counsel for the defendants Antonio M. Strong (Timothy G. Watkins, Esq.), Herbert Wright, III (James W. Lawson, Esq.), Joseph Williams (Paul R. Rudof, Esq.), Steven Hayes, Jr. (Vikas S. Dhar, Esq.), Demario Sorrells (Jared Olanoff, Esq.),

and Terrence Bender (Tracy E. Duncan, Esq.) hereby files the instant Status Report pursuant to Local Rule 116.5(a).

1.   On October 15, 2020, the Grand Jury returned an indictment charging the defendants with violations of Conspiracy To Commit Wire Fraud in violation of 18 U.S.C. § 1349 (all defendants), Wire Fraud in violation of 18 U.S.C. § 1343 (Strong), and Aggravated Identity Theft in violation of 18 U.S.C. §§ 1028A(a)(1) and 2 (all defendants). (D.9).   The Court subsequently held the defendants' arraignments starting on December 7, 2020 and released all of the defendants subject to various conditions.   (D.35,37,39,41,44, 61).

2.   On December 7, 2020, the Court ordered a joint discovery report due on February 23, 2021. (D. 32).   Between February 3-12, 2021, the parties filed an assented-to Motion For a Discovery Protective Order.   (D.62,65,66).   On February 18, 2020, the Court appointed counsel for Williams and Bender pursuant to the Criminal Justice Act, and orally granted the discovery protective order motion (the "Discovery Protective Order).   (D.69-71).

3.   The Government has provided the defendants with certain key discovery documents since their respective arraignments.   However, due to the voluminous nature of the discovery in this case, the vast majority of the discovery in the case has not yet been produced. The Government anticipates needing approximately one month to finalize the discovery and its means of conveyance to the defense.   *See* Paragraph 4.

4.   Pursuant to Fed. R. Crim. Pro 16.1, the Government has conferred individually with counsel for all of the defendants following their arraignments, and on February 21, 2020, the parties conducted a joint conference concerning the nature, scope, means, and timing of discovery. In particular, the parties discussed, among other things, the following:

    a.   The extremely large volume of discovery that is being prepared by the

Government to produce to the defendants and generally the type and source of materials contained therein, including the returns from hundreds of Grand Jury subpoenas and several dozen search warrants;

b. The options available for making the voluminous discovery accessible to all defense counsel, irrespective of disparate technological requirements;

c. The understanding that defense counsel would confer among themselves about the feasibility of using a common platform for all of the Government's discovery that all defense counsel could each access;

d. An agreement that IT professionals from the Government and defense counsel have a call to discuss the preferred manner and means of production;

e. The provision of certain key documents that contain highly relevant information and/or indicate the sources of highly relevant information and documents;

f. The necessity for defense counsel to assess whether any concerns exist concerning the sharing of potentially sensitive irrelevant personal information with other defendants through the Government's production (*e.g.*, forensic examinations of electronic equipment possessed by various defendants and the private social media messages of particular defendants that would not otherwise be known to other defendants); and

g. The Discovery Protective Order's applicability to the provision of material by defense counsel to their clients and the process by which counsel may seek exceptions from the order.

5. At the discovery conference, the Government agreed to provide to defense counsel

a significant number of highly relevant documents prior to the initial status conference on February 24, 2021, including all of the Grand Jury exhibits and testimony and all of the applications, affidavits, and search warrants obtained during the investigation as well as a summary list of these search warrants.

6. The Government expects to be able to be ready to produce the bulk of its automatic discovery, pending the resolution of the technical issues detailed above, by March 23, 2021. The Government does not currently anticipate providing discovery as a result of its future receipt of information, documents, or reports of examinations or tests, except that it expects to receive additional records from victims pursuant to Trial Subpoenas related to the instant Indictment and, to a lesser extent, Grand Jury subpoenas concerning other offenses and/or subjects under investigation.

7. The parties agree that it is premature for a motion date to be established under Fed.R.Crim.P. 12(b) or a schedule for the timing of expert witness disclosures.

8. The parties have engaged in preliminary plea negotiations, but it is premature to determine whether this case will be resolved with guilty plea(s). The Government expects that a trial will last approximately four weeks.

9. The parties request that the Court hold another status conference on April 23, 2021.

10. The parties jointly request a continuance for the period from October 15, 2020 (the date the Indictment was filed) to the date of the next scheduled status conference, and state that this period should be excluded pursuant to Local Rule 112.2and 18 U.S.C. § 3161(h)(7)(A), to permit the defense to (a) review the voluminous discovery; (b) investigate the evidence and possible defenses; (c) develop its own discovery; (d) evaluate the need for, and to prepare, discovery requests and/or pre-trial motions; and (e) engage in plea negotiations with the

Government, all of which provide the basis for the Court to find that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By: */s/ Steven H. Breslow*
STEVEN H. BRESLOW
(NY2915247)
Assistant U.S. Attorney
300 State Street, Suite 230
Springfield, MA 01105
413-785-0330
steve.breslow@usdoj.gov

ANDREW R. TYLER
Trial Attorney
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20005
(202) 616-2634
Andrew.tyler@usdoj.gov

Dated:   February 23, 2021

## Certificate of Service

I hereby certify that this document filed under seal will be sent by e-mail to the registered participants as identified on the Notice of Electronic Filing.

By: */s/ Steven H. Breslow*
STEVEN H. BRESLOW
Assistant U.S. Attorney