UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>(1)　ANTONIO STRONG, also known as "T-Glo," "Tony Glo," "Tonio," "Antonio Strom," "Michael Starkman," "Richard O'Malley," "Michael Lee," "Mark Daniels," "Sergio Parker," "Michael Leary," "Charles Gaut," "Darren Geiger," "Stan Smith," and "Tyson Kocher,"<br><br>(2)　HERBERT WRIGHT III, also known as "Herb," "Lil Herb," "G Herbo," and "Herbert Light,"<br><br>(3)　JOSEPH WILLIAMS, also known as "Joe Rodeo," Rockstar Rodie," and "Rodie,"<br><br>(4)　STEVEN HAYES, JR.,<br><br>(5)　DEMARIO SORRELLS, also known as "Jonte" and "Johntay," and<br><br>(6)　TERRENCE BENDER, also known as "Blends" and "Dopeblends,"<br><br>　　　　　Defendants. | CRIM. NO. 20-30033-MGM |

DISCOVERY PROTECTIVE ORDER

A motion having been made by the United States of America, by Andrew E. Lelling, United States Attorney for the District of Massachusetts and Assistant United States Attorney Steven H. Breslow (the "Government"), with the assent of counsel for the defendants Antonio Strong (Timothy Watkins, Esq.), Herbert Wright III (James Lawson, Esq.), Steven Hayes, Jr.

1

(Vikas Dhar, Esq.), and Demario Sorrells (Jared Olanoff, Esq.) (collectively, "defense counsel")[1], for a protective order concerning the use, dissemination and disposition of discovery in this case,

IT IS HEREBY ORDERED:

1. During the course of this criminal case, large portions of the discovery that the Government will be providing the above-captioned defendants and their attorneys will include confidential material, including (a) Grand jury testimony and exhibits; (b) various witness records, including interview reports, proffer agreements, immunity agreements and orders, and criminal history reports; (c) various financial records (including bank account and credit card account information) relating to the defendants, victims, and other witnesses; and (d) other records containing personal identifying information of the defendants, victims, and other witnesses (the "Confidential Discovery Records").

2. Defense counsel may make available to the defendants all of the Confidential Discovery Records, but the defendants may not keep any unredacted copies of the Confidential Discovery Records unless permitted to do so by this Order, the Government, or the Court. Defense counsel may provide redacted copies of the Confidential Discovery Records to the defendants if those copies contain redactions of:

    a. any street address;

    b. all but the last four of any account numbers;

    c. all but the last four of any social security numbers; and

    d. the day and month of any dates of birth.

3. Defense counsel and the defendants may make available all of the Confidential

---

[1] Counsel for Joseph Williams (Michael Clancy, Esq.), and Terrence Bender (Nicole Moorman, Esq.) have each indicated that will be seeking to withdraw from the case and that their clients will be seeking appointed counsel pursuant to the Criminal Justice Act.

Discovery Records to any employee, consultant, potential witness, or expert who is assisting in the representation of the defendants (collectively, the "Excepted Persons"). Defense counsel and the defendants shall not make any disclosure as provided in this paragraph without first providing a copy of this Order to the Excepted Person.

4. In the event that defense counsel and the defendants want to provide any other person with the Confidential Discovery Records, the party shall either request permission from the Government or file a motion with the Court, sealing any portion of the motion that refers to the Confidential Discovery Records.

5. The procedures for use of Confidential Discovery Records during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. The parties shall consider the following: redacting records to remove personal identity information; requesting permission of the Court to submit such documents under seal; and introducing summary evidence, where practicable, which may be more easily redacted.

6. Within ninety days of the termination of the criminal proceedings (including appeal and collateral challenge) that result from the investigation, defense counsel and the defendants shall destroy or return to the Government all Confidential Discovery Records. Defense counsel may, however, retain any Confidential Discovery Records to the extent that retention is required by Supreme Judicial Court Rule 3:07, Mass. R. Prof. C. 1.15A.

7. This Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

SO ORDERED:

/s/ Katherine A. Robertson
_____
KATHERINE A. ROBERTSON
United States Magistrate Judge

Signed electronically with authorization from
Katherine A. Robertson, U.S. Magistrate Judge on February 24, 2021.

Dated: __February 24__, 2021